IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC FITZGERALD LEWIS, | ) |
|                 Plaintiff, | ) CASE NO. 4:07cv3012 |
| v. | ) MEMORANDUM |
| | ) AND ORDER |
| UNIVERSITY MEDICAL CENTER, et. al., | ) |
|                 Defendants. | ) |

      The plaintiff has filed a notice of change of address, Filing No. 11, and a motion for leave to proceed in forma pauperis. Filing No. 16. The plaintiff was previously an inmate in the Douglas County Correctional Center ("DCCC"), and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b) of the Prison Litigation Reform Act ("PLRA"). See Filing No. 6.

      The plaintiff is now in the custody of the Lincoln Regional Center. The term "prisoner" under the PLRA "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001)(citing 28 U.S.C. § 1915(h)). A person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a "prisoner" for the purposes of the PLRA. *Kolocotronis*, 247 F.3d at 728. See also *Jackson v. Johnson,* 475 F.3d 261, 266 (5th Cir. 2007); *Willis v. Smith*, 2005 WL 550528, *9 (N.D. Iowa 2005).

      The record does not disclose the type of crime underlying the plaintiff's prior incarceration at the DCCC, or whether his current commitment to the Lincoln Regional Center arises from any criminal conviction. However, to facilitate a more expeditious resolution of this case, the court will presume the plaintiff is residing at the Lincoln Regional Center as a patient and not as a result of a criminal conviction.

      A former prisoner, like the plaintiff, who is released from custody after filing a civil complaint must file an Application for Leave to Proceed IFP based on the changed circumstances caused by his release from prison. The plaintiff has done so. Upon review of the record, the plaintiff's new motion for leave to proceed IFP is granted, and the plaintiff is relieved of any liability for the unpaid balance of the filing fee. See, e.g., *McGann v. Comm'r, Social Security Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

When proceedings are filed in forma pauperis, the court must dismiss the case if the plaintiff's complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2). In his initial complaint, the plaintiff alleges that he has been a target of racial profiling and harassment. Filing No. 1, p. 13. The complaint recounts a long history, dating back to August 1989, of prior contacts with law enforcement, and the allegedly harassing treatment he and his family members and close acquaintances have received from police officers in Omaha and Lincoln, Nebraska. The plaintiff also alleges he has endured allegedly harassing conduct during his past confinements at various state and county correctional facilities.

The plaintiff alleges he now suffers from mental anguish and sleep deprivation due to constant surveillance conducted by the Omaha Police Department. Filing No. 15, p. 37. He claims the defendants conduct this surveillance and send sound waves into his ears through the use of nano-technology which was connected to his body during medical testing conducted in August 2003 (i.e. angiography testing, Magnetic Resonance Imaging, CT Scans, and fetal monitoring). Filing No. 1 (part 1), pp. 48-50, 54-55; Filing No. 1 (part 2), pp. 1, 14-19, 28; Filing No. 15, pp. 36-37. He claims this surveillance violates his right to privacy, particularly as it pertains to his sexual privacy. Filing No. 1 (part 2), pp. 22-23, 28; Filing No. 15, pp. 34. He seeks damages and an order requiring the defendants to disconnect the nano-technology. Filing No. 1 (part 2), p. 35; Filing No. 1 (part 3), pp. 9-11.

The plaintiff's complaint lacks any arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). It is frivolous, fails to state a claim on which relief may be granted, and the defects in the complaint cannot be remedied through more specific pleading. Therefore, the above-entitled case will be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

THEREFORE, IT IS ORDERED:

1. The plaintiff's motion for leave to proceed in forma pauperis, Filing No. 16, is granted pursuant to 28 U.S.C. § 1915(a)(1);

2. The plaintiff is not required to pay the unpaid balance of the filing fee for this case, and the plaintiff's institution shall not collect from plaintiff's account and forward to this court any additional amounts for payment of filing fees for this case;

---

[1] A PLRA complaint filed by the plaintiff and based on nearly identical allegations was previously dismissed by this court in Lewis v. University Medical Center, et al, Case no. 8:07-cv-00027.

3. The Clerk of Court shall send a copy of this order to the appropriate officials at the Douglas County Correctional Center and the Lincoln Regional Center;

4. The above-entitled case and the plaintiff's complaint are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

5. The plaintiff's motion for preliminary injunction to have the medical technology released and request for hearing, Filing No. 14, is denied as moot.

6. Judgment will be entered in accordance with this Memorandum and Order.

Dated this 20th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge